## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>     Plaintiff/Respondent ) <br> ) <br> v. ) <br> ) <br> DONNELL ALSTON, ) <br>     Defendant/Petitioner ) | Criminal No. **2:09-CR-20034-RTD** <br> Civil No.    **2:12-CV-2072-RTD** |

### ORDER

Currently before the Court is the Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 66), the Report and Recommendation of the United States Magistrate Judge on that motion (Doc. No. 78), and the parties Joint Motion Regarding the Disposition of Defendant's 2255 Petition (Doc. No. 82). In his motion, the Petitioner seeks to have his sentence vacated.

### Procedural History

The Petitioner was sentenced on February 23, 2010 after a jury found him guilty of both counts of a two-count indictment. The sentence on Count One was life imprisonment, 10 years of supervised release, a $5,000 fine, and a $100 special assessment. On Count Two, the Petitioner was sentenced to 20 years imprisonment and three years of supervised release. The terms of imprisonment and supervised release were ordered to run concurrently with each other. Doc. No. 53. The life sentence on Count One was mandatory due to the filing of an information pursuant to 21 U.S.C. § 851. The Petitioner had rejected a plea agreement in which he would have pled guilty to Count One, with Count Two to be dismissed at sentencing.

Subsequent to sentencing, the Petitioner filed an appeal to the Eight Circuit Court of Appeals which was denied. A petition for certiorari to the United States

Supreme Count was also denied. The instant motion was timely filed on April 3, 2012. The motion sought to vacate the Petitioner's sentence based on, *inter alia*, an allegation of ineffective assistance of counsel regarding advice as to the penalty the Petitioner faced if convicted.

After an evidentiary hearing held on November 29, 2012, United States Magistrate Judge James Marschewski filed his Report and Recommendation (R&R). The R&R, filed on December 14, 2012, found that ineffective assistance of counsel had taken place, and recommended the § 2255 motion should be granted as to Ground Two (Plea Advice). The Magistrate Judge wrote:

> " . . . The Court believes that where the Government seeks the second most severe punishment it can impose upon an offender there should be clear and unequivocal communication to the Defendant that if he chooses to go to trial and is convicted he will be sentenced to a mandatory life sentence with no chance for release. If that happened in this case it is not documented and the evidence is in favor of the Defendant.

R&R, p. 17.

The R&R recommended that the Petitioner's other grounds should be denied.

Had correct advice been given, the Petitioner testified he would have accepted the government's plea offer. R&R, p. 8.

## Agreement of the Parties

Subsequent to the Magistrate's R&R, the parties have entered into negotiations regarding a settlement of this matter and have agreed to recommend to the court as follows:

    a.    The government, while not conceding any of the factual or legal findings of the R&R, agrees not to file objections to the R&R and would further agree that if the

court adopts the R&R that an appropriate remedy would be for court to re-sentence the defendant to a term of imprisonment for 168 months, a term of supervised release for 5 years, a fine of $5000 and a special assessment of $100 as to Count One and that the conviction for Count Two be vacated and that count dismissed. This sentence would take into account the changes enacted pursuant to the Fair Sentencing Act and the amendments to the Sentencing Guidelines which would now apply in any re-sentencing of the defendant.

  b. The defendant would agree that an appropriate resolution of his § 2255 petition would be for court to re-sentence the defendant to a term of imprisonment for 168 months, a term of supervised release for 5 years, a fine of $5000, and a special assessment of $100 as to Count One. The defendant would further agree to waive his right to appeal this disposition of his § 2255 petition and would agree to waive any and all rights which he might have to file any further collateral attacks to his conviction and sentence. The defendant would further agree that he is in fact guilty of the offense charged in Count One.

  3. The parties would further agree that if the court were to grant this joint motion, that an Amended Judgment be entered reflecting the new sentence and that an amended Pre-Sentence Report be prepared setting forth the reasons for the change in defendant's sentence.

### Findings

The Court, having considered the R&R, the motion under 28 U.S.C. § 2255, and the agreement of the parties, finds and orders the following:

  ~ The R&R is adopted *in toto*. As such, the Court grants the Petitioner's

motion under 28 U.S.C. § 2255 based on the grounds set out in the R&R, and finds that the agreement of the parties as to an appropriate sentence under the facts of this case is in the interests of justice.

- The Court hereby vacates and sets aside the conviction and sentence on Count Two, as set out in the Judgment in a Criminal Case, Doc. No. 53.

- The Court hereby vacates the sentence on Count One as set out in the Judgment in a Criminal Case, Doc. No. 53. However, the conviction on Count One stands, and the petitioner is adjudged guilty of that offense.

- The Court hereby reimposes the sentence on Count One as follows: 168 months of imprisonment, five years of supervised release, a fine of $5,000 without interest, and a special assessment of $100.

- The Court accepts the petitioner's waiver of his right to appeal this sentence, his conviction on Count One, the disposition of his § 2255 motion, as well as any other avenue of appeal that might exist in regard to these issues.

The Court's order in regard to Counts One and Two shall be further memorialized by way of an Amended Judgment in a Criminal Case. The Court further orders that a revised Presentence Investigation Report be prepared, reflecting the updated procedural history of the case, so that the Federal Bureau of Prisons will be able to react appropriately to the entry of the Amended Judgment in connection with the Petitioner's case.

IT IS SO ORDERED.

Entered: 2/12/13

Hon. Robert T. Dawson
Senior United States District Judge

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 12 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk